IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Patrick Brown, R27588, | ) | |
| | ) | |
| Petitioner, | ) | Case No: 15 C 50013 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Michael Melvin, Acting Warden, | ) | |
| Pontiac Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the following reasons, petitioner's amended 28 U.S.C. § 2254 motion [21] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT-OPINION

On January 16, 2015, petitioner Patrick Brown filed a 28 U.S.C. § 2254 motion challenging his state court sentence. *See* [1]. On March 2, 2015, the court stayed these proceedings pending petitioner's resolution of his state court proceedings. *See* [8]. The court lifted the stay on March 17, 2016, after finding that petitioner's state law proceedings had ended, and also allowed petitioner to file an amended petition that would "supersede" his original petition. *See* [20]. Petitioner filed an amended petition on April 11, 2016. *See* [21]. Respondent filed an answer to the petition on July 29, 2016 [27], along with the state court record [28]. Petitioner requested that an additional affidavit be placed into the record [30], which the court granted [31]. Petitioner filed a reply on December 5, 2016. *See* [35]. These matters are now ripe for the court's review. The court will first discuss the relevant factual and procedural background before analyzing petitioner's various claims.

I. Factual and Procedural History.

The following findings of facts are drawn from the state record. *See* [28]. On October 19, 2001, following a dispute over a drug sale, petitioner beat Britton Tullock to death with a metal bar. On October 20, 2001, petitioner was arrested and confessed to murdering Tullock. Petitioner was ultimately charged with multiple counts of first-degree murder and the case proceeded to a jury trial in Winnebago County, Illinois.

A. Evidence at Trial.

Following his arrest, petitioner provided written and oral confessions to the police. Petitioner informed the officers that on October 19, 2001, he and his accomplice Brian Johnson had met with Tullock in petitioner's garage. The purpose of the meeting was for Johnson to purchase crack cocaine from Tullock, but Tullock grew angry that the two did not have sufficient money to purchase the drugs. Tullock attacked petitioner, who then grabbed a metal pry bar and struck Tullock repeatedly on the head. At some point, Johnson stabbed Tullock. While there was some evidence that petitioner may have made oral statements to the effect that prior to attacking Tullock, Tullock gestured as though he were reaching into his coat for a gun, petitioner's written statements do not mention Tullock reaching for a gun. Petitioner and Johnson then placed Tullock's body in Tullock's car, and Johnson moved the car to a different location while petitioner removed incriminating evidence from the scene.

Petitioner and Johnson attempted to leave town by vehicle when they were stopped by police officers, who recovered from the vehicle 24.5 grams of cocaine, blood-stained carpeting, bloody sheets, a metal bar, a knife, and several articles of damp clothing that smelled like bleach. Petitioner and Johnson were arrested and petitioner ultimately confessed to killing Tullock.

In addition to the evidence above, the state presented photographs indicating that petitioner suffered no wounds following Tullock's killing, and that Tullock sustained blunt force trauma to his head, face, neck, and extremities, and also was stabbed in his upper body. A medical examiner testified that Tullock's blunt force injuries were fatal and consistent with being beaten with a metal bar.

Petitioner did not testify. His trial counsel relied on defendant's oral statements, however, to argue that petitioner only attacked Tullock in self defense after seeing Tullock reach for a gun.

The jury found petitioner guilty of first-degree murder accompanied by brutal and heinous behavior indicative of wanton cruelty. The trial court sentenced petitioner to life imprisonment.

B. Direct Appeal.

On direct appeal, petitioner made two arguments:

(1) The trial court abused its discretion by admitting autopsy photographs that depicted Tullock's knife wounds;

(2) In closing argument, the prosecutor misstated Illinois law regarding the required mental state for second-degree murder.

The appellate court affirmed petitioner's conviction. Petitioner filed a pro se PLA petition, arguing that in closing argument the prosecutor misstated Illinois law regarding the required mental state for second-degree murder. The Illinois Supreme Court denied the PLA on September 27, 2006.

C. First Post-conviction Petition.

In 2007, petitioner filed a pro se post-conviction petition that, following amendment by counsel, alleged:

    (1) Trial counsel provided ineffective assistance by:
        (a) failing to request a fitness hearing prior to trial;
        (b) not allowing petitioner to testify at trial;
        (c) failing to offer expert testimony regarding the victim's cause of death; and
        (d) not raising a defense other than self defense;

    (2) Appellate counsel on direct appeal provided ineffective assistance by not raising the foregoing claims of trial counsel's ineffectiveness;

    (3) Petitioner was actually innocent.

The trial court dismissed the petition. Petitioner appealed, arguing only that trial counsel forced petitioner to give up his right to testify. The appellate court affirmed, finding that petitioner knowingly and voluntarily waived the right to testify. Petitioner filed a PLA, arguing that trial counsel prevented him from testifying and was ineffective by failing to request a fitness hearing. The Illinois Supreme Court denied the PLA on September 24, 2014.

D. Successive Post-conviction Petitions.

In 2014, petitioner filed a motion seeking leave to file a successive post-conviction petition alleging that:

    (1) Trial counsel provided ineffective assistance by:
        (a) failing to request a fitness hearing;
        (b) failing to offer expert testimony regarding the victim's cause of death;

    (2) Appellate counsel on direct appeal provided ineffective assistance by failing to argue that trial counsel erred in the foregoing ways;

    (3) Post-conviction counsel provided ineffective assistance by failing to comply with state procedural rules and failing to argue that trial counsel and appellate counsel erred in the foregoing ways.

The trial court denied leave to file the successive petition.

In 2015, petitioner filed another motion for leave to file a successive post-conviction petition, arguing that he was actually innocent based on the fact that Tullock was known to own and carry firearms. The trial court again denied leave to file the successive petition.

E. Amended Federal Habeas Corpus Petition.

Petitioner's amended habeas petition raises the following grounds for relief:

(1) Trial counsel provided ineffective assistance by:
    (a) not allowing petitioner to testify;
    (b) failing to contest petitioner's competency to stand trial;
    (c) failing to call a pathologist to testified as to the victim's cause of death;
    (d) failing to move to suppress petitioner's confession on the grounds of mental illness;

(2) Appellate counsel provided ineffective assistance by failing to argue on direct appeal that:
    (a) trial counsel provided ineffective assistance by not allowing petitioner to testify;
    (b) trial counsel provided ineffective assistance by failing to contest petitioner's competency to stand trial;
    (c) trial counsel provided ineffective assistance by failing to call a pathologist to testify as to the victim's cause of death;
    (d) trial counsel provided ineffective assistance by failing to move to suppress petitioner's confession on the grounds of mental illness;

(3) Post-conviction counsel in the trial court provided ineffective assistance by not contacting the psychologist who examined petitioner prior to trial;

(4) Post-conviction appellate counsel provided ineffective assistance by failing to argue on appeal that post-conviction counsel in the trial court erred in the foregoing way;

(5) The trial court abused its discretion by admitting unfair prejudicial photos and knife evidence into trial.

II. Analysis.

28 U.S.C. § 2254 limits a federal district court's ability to grant *habeas* relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or was 2)... "based on an unreasonable determination of the facts in light of the evidence presented..." 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

Before a prisoner can bring claims to a federal court under 28 U.S.C. § 2254, the prisoner must comply with the statutory exhaustion requirement and present each of his claims in one full round of review in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Failure to exhaust available remedies in at least one full round of review in state court results in procedural default and a federal court cannot review the merits of the claim. *Mulero v. Thompson,* 668 F.3d 529, 535-36 (7th Cir. 2012); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

The procedural default doctrine also bars review if the "claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds[.] . . . " *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In other words:

> When the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed. Typically this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim.

*Miranda v. Leibach*, 394 F.3d 984, 991-92 (7th Cir. 2005) (citations omitted).

First, respondent argues that a number of petitioner's habeas claims are not cognizable for purposes of § 2254 habeas review. Specifically, with regard to petitioner's argument that post-conviction trial counsel was ineffective (Ground 3) and post-conviction appellate counsel was ineffective, respondent points out that ineffective assistance of postconviction counsel in state or federal court is noncognizable under the explicit text of 28 U.S.C. § 2254(i). *See also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court agrees that these claims are not cognizable and must be denied.

Next, respondent points out that petitioner's contention that the trial court abused its discretion by admitting unfair prejudicial photos and knife evidence into trial (Ground 5) is in actuality a claim with regard to state law evidence, not constitutional law. Habeas relief for an erroneous evidentiary ruling is only available if it is so prejudicial as to violate a defendant's due process rights, such that there is a "significant likelihood that an innocent person has been convicted." *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001) (internal quotations omitted). Here, an argument that the trial court "abused its discretion" does not arise to this standard, and the nature of the evidence allowed is not of the type that could satisfy the standard. As such, the court agrees that this claim must be denied. Moreover, this claim was not raised in a complete round of state court review as petitioner did not raise it in his direct appeal PLA, and as such must also be denied for procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

5

With regard to the ineffective assistance claims against trial and appellate counsel, respondent points out that many of these claims have been procedurally defaulted because they were not raised in a complete round of state court review.

As noted, to avoid procedural default, petitioner must present his claims to all three levels of the Illinois courts, trial, appellate and the Illinois Supreme Court. In order to do so, petitioner must present to each court the same "operative facts and the legal principles that control each claim" that the petitioner seeks review of in his federal habeas petition. *See Bolton v. Akpore*, 730 F.3d 685, 695 (7th Cir. 2013). As an initial matter, the court notes that petitioner's 2014 and 2015 successive postconvictions cannot serve to preserve the claims raised there for federal habeas review because they were dismissed due to state procedural default. *See* [28-4] at 23, 68. As such, only petitioner's direct appeal and his 2007 postconviction petition may serve to preserve his claims for federal habeas review.

With regard to petitioner's ineffective assistance of trial counsel claims, Ground (1)(a) was raised in petitioner's 2007 postconviction petition at the trial court, appellate court, and in petitioner's PLA, and as such has been preserved for federal review. Ground (1)(b) was raised in petitioner's 2007 postconviction petition at the trial court and in petitioner's PLA, but not to the appellate court, and as such has been procedurally defaulted. Ground (1)(c) was raised in petitioner's 2007 postconviction petition at the trial court, but not at the appellate court or in petitioner's PLA, and as such has been procedurally defaulted. Ground (1)(d) was not raised in petitioner's direct appeal or his 2007 postconviction petition at the trial court, and as such has been procedurally defaulted.

With regard to petitioner's ineffective assistance of appellate counsel claims, Ground (2)(a) was raised in petitioner's 2007 postconviction petition at the trial court, but not at the appellate court or in petitioner's PLA, and as such has been procedurally defaulted. Ground (2)(b) was raised in petitioner's 2007 postconviction petition at the trial court, but not at the appellate court or in petitioner's PLA, and as such has been procedurally defaulted. Ground (2)(c) was raised in petitioner's 2007 postconviction petition at the trial court, but not at the appellate court or in petitioner's PLA, and as such has been procedurally defaulted. Ground (2)(d) was not raised in petitioner's direct appeal or his 2007 postconviction petition at the trial court, and as such has been procedurally defaulted.

After reviewing the parties' briefs, the court does not find that petitioner's procedural default can be excused either by showing cause and prejudice or that absence of review would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). As such, the only cognizable claim that has not been procedurally defaulted is petitioner's claim that trial counsel provided ineffective assistance of counsel by not allowing petitioner to testify at trial.

Moving to petitioner's surviving ineffective assistance claim, the last state court tribunal to decide the merits of this issue was the state appellate court on postconviction review. *See* [28-3]. The appellate court denied petitioner relief on this basis, finding that his contention that he was not allowed to testify was contradicted by the record. The appellate court noted that petitioner had stated his understanding that he had the right to testify in a colloquy with the trial

court, and had also conceded in his postconviction petition that he himself had told his counsel that he did not want to testify. This court finds that the appellate court did not apply incorrect law or use incorrect facts. As such, there is no basis for a reversal on 2254 review. Moreover, the Seventh Circuit has found that when analyzing a petitioner's claim that he was not allowed to testify,

> The rule in this circuit . . . require[s] a defendant who wishes to raise this claim to meet a heightened pleading standard before the court must hold an evidentiary hearing on the question of waiver. In other words, a barebones assertion by a defendant, albeit made under oath, is insufficient; something more, such as an affidavit from the lawyer who allegedly forbade his client to testify, is required.

*See Thompson v. Battaglia*, 458 F.3d 614, 619 (7th Cir. 2006) (internal quotations omitted). Here, petitioner has proffered no such evidence and this provides another basis for denial.

For the foregoing reasons, petitioner's claims are either noncognizable, procedurally defaulted, or without merit and must be denied.

Finally, pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings for the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims, his claims are procedurally defaulted or otherwise without merit, and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 11/21/2017            ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)